## INDUSTRIAL COMM v ADAMS et

Ohio Appeals, 2nd Dist, Franklin Co'

No 2059. Decided Aug 28, 1931

LEVINE, PJ (8th Dist) & ALLREAD, PJ & HORNBECK, J (2nd Dist) sitting.

Mr. Joseph E. Bowman, Columbus, for plaintiff in error.

Messrs. Cowan, Adams and Adams, Columbus, for defendant in error.

LEVINE, J.

This case was submitted to a jury by the trial court which returned a verdict in favor of defendant in error.

The principal issues submitted by the court to the jury for its decision were as follows:

"If you find that as a direct and proximate result of the injury or injuries sustained by Fred Wilkins, his reason became dethroned, he was so bereft of reason that he could not form a conscious volition of the purpose to take his life, that he didn't understand the nature and consequence of the act of suicide; that he was seized, as a

direct and proximate result of the injury or injuries sustained by him, with an uncontrollable impulse to take his own life, then in such event the plaintiff would be entitled to a verdict at your hands. But, if at the time of the suicidal act, the taking of his own life, he was not so bereft of reason, that his mind was not so dethroned that he could not choose, did not understand the nature and consequences of his act, or that he was not seized by an uncontrollable impulse, or that the injury or injuries sustained by Fred Wilkins, did not directly and proximately result in such a dethronement of reason as to cause suicide, or that there was some other intervening cause other than injuries, that Fred Wilkins wilfully and voluntarily chose to take his own life, then in that or either event your verdict should be for the defendant."

The charge embraced the essential contentions of both sides.

The evidence detailed in the record supports the allegations of the petition as to the various injuries sustained by Fred Wilkins. There is evidence in the record that following the injuries to his eye he was in a state of great depression and suffered great pain in his head; that he would sit and stare into space; that he would walk around the house and look in the window and act like a crazy person; that as time went on he got worse; that on June 22nd, 1929, he shot and killed his wife and then he shot and killed himself, that when he was in the act of shooting his wife his daughter went in the room and saw him sitting on the bed with his feet out in front of him trying to push her away to get the gun in her face, and he sat there and looked with a starey look in his eye.

Doctor George T. Harding, a specialist in diseases of the nervous system, was called as a witness in behalf of defendants in error. He stated that when the claim for compensation for the death of Fred Wilkins was filed with the Industrial Commission, the Commission referred the case to him for a report as to whether or not the insanity and death of Fred Wilkins were referable to the injury to his eye. He stated that he reported to the Commission that there was a direct connection between the injury and its effect upon the man physically and mentally, and the act that terminated in his death.

Dr. Harding testified to the same effect while on the witness stand that, in his opinion, the man was insane, and that it was an uncontrollable impulse which brought about both the murder of his wife and his suicide.

Counsel for plaintiff in error sets forth the law to be that where there follows as the direct result of a physical injury an insanity so violent as to cause the workman to take his own life through an unaccountable impulse or in a delirium of frenzy without conscious volition to produce death, without having knowledge of the physical consequences of the act, there is a direct and unbroken connection between the injury and the death. But where the resulting insanity is such as to cause suicide through a voluntary willful choice determined by a moderately intelligent mental power which knows the purpose and the physical effect of the suicidal act, even though the choice is dominated by a disordered mind, then there is a new and independent agency which breaks the chain of causation arising from the injury. He cites in support of said statement of the law Honnold on Workman's Compensation, Volume I, Section 132, page 508; **The Industrial Commission of Ohio vs. Kate P. Boyd, 29 O. C. A., page 1,** and Daniels vs. New York, New Haven and Hartford R. R. Co., 183 Mass., page 393.

It seems to this Court that there is not much difference between counsel as to the principle of law which governs this case. We cannot agree with the statement of counsel for plaintiff in error to the effect that there is no evidence in this case that the death of Fred Wilkins was proximately caused by the injuries which he sustained while in the employ of The American Aggregates Corporation, which resulted in the derangement of his mind, and an uncontrollable impulse to take his own life. The injuries which Fred Wilkins sustained caused him excruciating pain and brought about a state of mind which made him fear for the future. The pain and suffering plus the fear under which he labored were the poisons embedded in his mind which brought about the complete derangement of his mental processes.

There is a complete chain of unbroken links which connects his death with the injuries sustained by him. The testimony of Dr. Harding seems so convincing as to leave but little doubt as to the justice of the jury's verdict. The case presents purely a question of fact. The court properly submitted this fact to the jury and we find no error in the record.

Judgment affirmed.

ALLREAD, PJ and HORNBECK, J, concur.