## INDUSTRIAL COMM v BRUBAKER

Ohio Appeals, 2nd Dist, Miami Co

No 333.   Decided Nov 19, 1934

J. W. Bricker, Attorney General, Columbus, Oscar A. Brown, Asst. Attorney General, Columbus, and Paul T. Klapp, Prosecuting Attorney, Troy, for plaintiff in error.

Kerr, Kerr & Kerr, Troy, for defendant in error.

## OPINION

By BARNES, J.

Very able and comprehensive briefs have been filed by the attorneys representing the respective parties.

Th petition in error sets out six specifications of error, but these are restated in the brief under three subdivisions, as follows:

"1. The court erred in overruling the motion of the defendant to strike from the amended petition the following language: 'that application was filed by him with the Industrial Commission of Ohio for compensation and no payment had been made'."

2. The judgment is against the manifest weight of the evidence.

3. Error of the court in the failure to direct a verdict in favor of the defendant at the end of all the testimony."

Considering first the application to strike, we are unable to find any prejudicial error

in this ruling. The case of **Industrial Commission v Davis,** 126 Oh St, 593, is cited in support of defendant's motion to strike. This case is distinguished in **Industrial Commission v Emma Bartholome,** found in **Ohio Law Reporter,** under date of **May 14, 1934, page 129.** We are unable to see that either case bears directly upon the motion. The recital in the amended petition that application was filed by him with the Industrial Commission of Ohio for compensation is no more than a historical recital of the events, and in view of the averments of the answer would not be harmful.

Neither do we think that there was any prejudicial error in the failure to strike out the remaining words "No payment had been made." The further fact that this delay in payment is referred to as one of the sources of worry is only a recital of the claimed events in their sequence. The pleading as a whole makes the claim in substance that there was a causal relation between the injury and the manifestations following down to the time of his taking his own life.

Subdivision 2, as presented in the brief of counsel for plaintiff in error, goes to the sufficiency of the evidence, and Subdivision 3 raises the question of the failure of evidence.

These two subdivisions will be considered together.

The pertinent portion of §1465-68 GC reads as follows:

"Every employee mentioned in §1465-61, GC, who is injured, and the dependents of such as are killed in the course of employment, wheresoever such injury has occurred, provided the same was not purposely self-inflicted, on or after January 1, 1914, shall be paid such compensation out of the state insurance fund, etc."

Herein we find the express provision that death claim is not allowed where the injury was purposely self-inflicted. This ordinarily bars recovery in case of suicide.

The courts in this state as well as in other jurisdictions, including that of the United States Supreme Court, have announced the rule that where the decedent became insane as a result of his injuries and committed suicide while bereft of reason, it can not be said to be purposely self-inflicted.

**Industrial Commission of Ohio v Boyd,** 29 O.C.A., 1; (30 O. Cir., 432);

**Industrial Commission v Adams, 40 Oh Ap, 362 (11 Abs 242);**

Mutual Life Insurance Company v Terry, 15 Wallace, 580, (N. Lawyers Ed. 21, U. S. Supreme Court 236).

It is the claim of plaintiff that through the injuries to her decedent he became insane; that while thus bereft of reason, he committed suicide; that by reason thereof his death could not be "purposely self-inflicted."

There seems to be no difference between counsel as to the law on this branch of the case. It might be said that since the case of Industrial Commission v Adams, supra, was decided by the Court of Appeals of this district, the question is stare decisis here. The sole question arises on the evidence and again this question is whether or not Mr. Brubaker, at the time he committed suicide, was sane or insane.

The jury, by their verdict, necessarily determined him to be insane. The trial court, by overruling the motion for new trial and entering judgment has in the first instance passed on the question of the weight of the evidence and the further question as to whether there is any evidence upon which to base the verdict. This court is not at liberty to molest the verdict unless from a careful reading of the record it finds either a total absence of evidence on a material issue or that the verdict is against the manifest weight of the evidence.

There should be no difficulty in arriving at the conclusion that there was a causal relation between the injury to plaintiff's decedent and his subsequent suicide. In sequence following the injury was worry over loss of earning power, feared permanent disability, accumulating liabilities, absence of income and others. No one could say that these singly or collectively would be sufficient to superinduce the taking of one's own life. It would not be the act of the normal individual. For some reason there was not the exercise of normal judgment. We quote with approval from the excellent opinion of Judge Grant on page 3 of the opinion in the case of Industrial Commission v Boyd, supra:

"The proof on such a question must of necessity generally be meager in amount and more or less speculative in outcome. Inference must arise, if at all, from a distorted viewpoint on the part of the suicide and the workings of an insane man's mind are so curious, so complex, having their springs and sources often in a remote and

almost undiscoverable concatenation of happenings, that to trace the outcome satisfactorily, or to any approximate degree of certainty, is difficult at all times and at many times impossible."

On the same page we also find the following:

"An insane person—so common experience shows—is prone to destroy himself. The impelling force to the act he seems to have no power to resist, and yet he often seems, even when so controlled, to be cunning and calculating in his concealment of his enforced yielding to the impulse of self-destruction, to a degree that a conclusion is often drawn that the ingredient of pre-meditation, a fixed and thought-out purpose, an intent, is present, which would to appearance exclude the notion of an involuntary taking of his life through an uncontrollable and overpowering force outside of himself and beyond all volition of his."

After a careful reading of the record in the instant case, we are unable to adopt the claim of counsel for plaintiff in error that there was no evidence upon which to base the claim of insanity. While it is true that no witness for plaintiff gave direct evidence of an opinion of insanity, yet the composite of all the evidence presents a situation where reasonable minds might arrive at the conclusion that the decedent, at the time he took his life, was insane.

Furthermore, we think that the composite of all the testimony presents a picture of a different personality before the accident than thereafter. We say this in the face of creditable testimony from some of the witnesses for defendant that they observed no difference in the disposition before or afterwards. These witnesses said that the decedent, before the accident, was high tempered and grouchy, but this is not the disposition that we find after the accident. After the accident, he was morose, melancholy; considerate and worried as to the future of his family. The high tempered grouchy individual is not the type likely to commit suicide. Such an individual sees the faults in others, either real or imaginary, and voices a resentment because of conflict with his ideas of conduct or service. The high tempered, grouchy individual is prone to think that he is right and everybody else is wrong. The weight of the evidence would show that after the injury Mr. Brubaker was entirely changed in this particular. He no longer

was the dominant, but rather the subservient; he approached an inferiority complex.

We are constrained to the opinion that the petition in error should be dismissed at costs of plaintiff in error. Exceptions will be allowed.

HORNBECK, PJ, and KUNKLE, J, concur.